IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **B&W CONTRACTORS, LLC d/b/a B&W Properties**<br>4801 Clifton Road<br>Temple Hills, MD 20748<br><br>and<br><br>**GLASS MASTERS, INC.**<br>4801 Clifton Road<br>Temple Hills, MD 20748<br>Plaintiffs,<br><br>vs.<br><br>**GENERAL MOTORS CORPORATION**<br>300 Renaissance Center<br>Detroit, MI 48265-300<br>Defendant. | Case No.<br><br>CIVIL ACTION<br><br>NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, B&W Contractors, LLC. (hereinafter "B&W") and Glass Masters, Inc., (hereinafter "Glass Masters") by and through their undersigned counsel, Robert E. Worst, Esquire of the law firm of Kalbaugh, Pfund & Messersmith, P.C., hereby brings this Complaint against defendant, General Motors Corporation and in support thereof avers as follows:

### PARTIES

1.  Plaintiff, B&W is a limited liability corporation organized and existing under the laws of the State of Maryland, with a principal place of business located at 4801 Clifton Road, Temple Hills, MD 20748 (hereinafter "subject premises").

2.  At all times relevant hereto, B&W was in the business of owning and operating the subject premises.

DOCS_PH 1965491v.1

3. Plaintiff, Glass Masters is a corporation organized and existing under the laws of the State of Maryland, with a principal place of business located at 4801 Clifton Road, Temple Hills, MD 20748 (hereinafter "subject premises").

4. At all times relevant hereto, Glass Masters was in the business of automobile glass installation, repair and replacement.

5. Upon information and belief, at all times relevant hereto, plaintiff, Glass Masters, Inc., leased commercial real estate at the subject premises owned by plaintiff, B&W Properties, LLC.

6. Defendant, General Motors Corporation (hereinafter "General Motors") is a corporation organized and existing under the laws of the State of Michigan, with a principal place of business at 300 Renaissance Center, Detroit, MI 48265-3000.

7. Upon information and belief and at all times relevant hereto, defendant, General Motors was engaged in the business of, among other things, the design, manufacture, marketing, distribution and sale of automobiles.

8. At all relevant times hereto, the defendant acted by and through its respective employees, agents, servants, sub-contractors and workmen, each of whom was working in the course of his employment and within the scope of his authority, subject to the control and direction of and for the benefit of the respective principal and employer, the aforesaid defendant.

## JURISDICTION AND VENUE

9. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) in that this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10. Venue is proper in this district based on 28 U.S. § 1391(a) in that the events at issue occurred within this district.

## JURY DEMAND

11. Plaintiffs demand a trial by jury of twelve (12) persons on all of the triable issues of this Complaint.

## STATEMENT OF FACTS

12. Upon information and belief and at all times relevant hereto, defendant, General Motors marketed, distributed and sold a vehicle named the "GMC Sierra 2500" in the State of Maryland.

13. Plaintiff, Glass Masters, purchased a 1998 GMC Sierra 2500 (hereinafter referred to as the "subject vehicle"), from a distributor of General Motors' vehicles.

14. On or about January 14, 2004, a fire started inside the subject vehicle while it was parked at the subject premises.

15. The fire was directly and proximately caused by a defect of the subject vehicle.

16. The fire, its rapid acceleration and spread caused substantial damages and destruction to plaintiff, B&W 's real property and other business personal property, as well as

business interruption, loss of business, extra expenses, and incidental and consequential damages in an amount in excess of Two Hundred Nineteen Thousand ($219,900.18) Dollars for which defendant is liable.

17. The fire, its rapid acceleration and spread caused substantial damages and destruction to plaintiff, Glass Masters' other business personal property, as well as business interruption, loss of business, extra expenses, and incidental and consequential damages in an amount in excess of Two Hundred Four Thousand ($204,820.94) Dollars for which defendant is liable.

## COUNT I – NEGLIGENCE
## B&W CONTRACTORS, LLC. AND GLASS MASTERS, INC
## V. GENERAL MOTORS CORPORATION

18. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as if set forth herein at length.

19. Defendant, General Motors owed plaintiffs a duty of care to design, manufacture, assemble, distribute, market, distribute, sell and/or supply the subject 1998 GMC Sierra 2500 in a condition safe for its intended and reasonably foreseeable uses.

20. Defendant, General Motors, acting by and through its agents, servants, employees and/or other designees negligently, carelessly, and/or recklessly breached its duty of care to the plaintiffs in one or more of the following ways:

   a. designing, manufacturing, and assembling a defective 1998 GMC Sierra 2500 automobile that defendant knew or reasonably should have known subjected plaintiffs' property to an unreasonable risk of harm;

   b. marketing, selling, distributing and/or supplying a dangerously defective 1998 GMC Sierra 2500 automobile that defendant knew or reasonably should have known subjected plaintiffs' property to an unreasonable risk of harm;

-4-

c. misrepresenting the uses and attributes of its product upon which misrepresentation plaintiffs relied to their detriment;

d. designing a 1998 GMC Sierra 2500 automobile that did not contain reasonable and technologically feasible safety devices;

e. failing to design, manufacture and/or supply a 1998 GMC Sierra 2500 automobile that was safe for all reasonably foreseeable uses;

f. selling and/or distributing a 1998 GMC Sierra 2500 with defective electronic controls in and/or around the steering column in the automobile that defendant knew or reasonably should have known subjected plaintiffs' property to an unreasonable risk of fire;

g. failing to provide adequate warnings and instructions regarding the risk of fire resulting in damage to plaintiffs' personal property;

h. failing to warn individuals and entities in the chain of commerce, including end users such as plaintiffs, of the potential risk and hazards to persons and property associated with the routine and foreseeable use of the subject 1998 GMC Sierra 2500 automobile;

i. failing to warn individuals and entities in the chain of commerce, including end users such as plaintiffs, of the defective and/or dangerous condition of the subject 1998 GMC Sierra 2500 automobile;

j. failing to comply with applicable local, state and federal statutes, codes, regulations and generally recognized safety practices and standards;

k. failing to test and/or inspect the subject 1998 GMC Sierra 2500 automobile to determine whether it could be used without the electronic controls in and/or around the steering column causing and/or posing a risk of injury to life and/or property;

l. failing to meet the standard of care required by a reasonable manufacturer, distributor and/or designer in the manufacture, sale and distribution of the subject 1998 GMC Sierra 2500 automobile;

m. failing to provide and distribute safe, proper and adequate instructions and/or warnings pertaining to the subject 1998 GMC Sierra 2500 automobile to individuals and entities in the chain of commerce, including the end user;

n. failing to analyze prior incidents and injuries as well as prediction of future incidents through the use of hazard/risk analysis;

21. As a result of the negligence, carelessness and/or recklessness of defendant, General Motors, plaintiff, B&W sustained damage to its real property and other business

personal property, as well as business interruption, loss of business, extra expenses, and incidental and consequential damages in an amount in excess of Two Hundred Nineteen Thousand ($219,900.18) Dollars.

22. As a result of the negligence, carelessness and/or recklessness of defendant, General Motors, plaintiff, Glass Masters sustained damage to its other business personal property, as well as business interruption, loss of business, extra expenses, and incidental and consequential damages in an amount in excess of Two Hundred Four Thousand ($204,820.94) Dollars.

23. The aforesaid negligent, carelessness and/or reckless acts and/or omissions of defendant, General Motors were the direct and proximate cause of the fire and subsequent damages sustained by the plaintiffs.

WHEREFORE, plaintiffs, B&W Contractors, LLC and Glass Masters, Inc. hereby demand judgment against defendant, General Motors Corporation in an amount in excess of Four Hundred Twenty-Five Thousand ($425,000.00) Dollars hereto, together with interest, costs, attorneys' fees, and all other relief deemed appropriate by this Honorable Court.

### COUNT II -STRICT LIABILITY-SECTION 402 (A)
### B&W CONTRACTORS, LLC AND GLASS MASTERS, INC
### V. GENERAL MOTORS CORPORATION

24. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as if set forth herein at length.

25. Defendant, General Motors designed, manufactured, assembled, distributed, sold and/or supplied the subject 1998 GMC Sierra 2500 automobile in a dangerously defective condition.

26. The subject 1998 GMC Sierra 2500 automobile was sold and/or supplied to plaintiffs in the same dangerously defective condition in which it left the possession and/or control of defendant, General Motors.

27. The fire that ensued and related property damage was caused by and resulted from the acts and/or omissions of defendant, General Motors acting by and through its agents, servants and/or employees acting in the scope of their employment for which defendant General Motors is strictly liable pursuant to §402A of the Restatement (Second) of Torts in:

   a. designing, and manufacturing, a defective 1998 GMC Sierra 2500 automobile that defendant knew or reasonably should have known subjected plaintiffs property to an unreasonable risk of harm;

   b. selling and/or supplying dangerously a defective 1998 GMC Sierra 2500 automobile that defendant knew or reasonably should have known subjected plaintiffs' property to an unreasonable risk of harm from fire;

   c. misrepresenting the uses and attributes of its product upon which misrepresentation plaintiffs relied to their detriment;

   d. designing a 1998 GMC Sierra 2500 automobile that did not contain reasonable and technologically feasible safety devices;

   e. failing to design and/or manufacture a 1998 GMC Sierra 2500 automobile that was safe for all reasonably foreseeable uses;

   f. selling and/or distributing a 1998 GMC Sierra 2500 with defective electronic controls in the area of the steering column in the automobile that defendant knew or reasonably should have known subjected plaintiffs' property to an unreasonable risk of fire damage;

   g. failing to provide adequate warnings and instructions regarding the unreasonably high risk of fire resulting in damage to the plaintiffs' real and other business personal property;

h. failing to warn individuals and entities in the chain of commerce, including end users such as the plaintiffs, of the potential risk and hazards to persons and property associated with the subject 1998 GMC Sierra 2500 automobile;

i. failing to warn individuals and entities in the chain of commerce, including end users such as the plaintiffs, of the defective and/or dangerous condition of the subject 1998 GMC Sierra 2500 automobile;

j. failing to comply with applicable local, state and federal statutes, codes, regulations and generally recognized safety practices and standards;

k. failing to test and/or inspect the subject 1998 GMC Sierra 2500 automobile to determine whether it could be used without the electronic controls in the area of the steering column causing and/or posing a risk of injury to property;

l. failing to meet the standard of care required by a reasonable manufacturer, distributor and/or designer in the manufacture, sale and distribution of the subject 1998 GMC Sierra 2500 automobile;

m. failing to provide and distribute safety critical information pertaining to the subject 1998 GMC Sierra 2500 automobile to individuals and entities in the chain of commerce, including the end user the plaintiffs herein.

n. failing to analyze prior incidents and injuries as well as prediction of future incidents through the use of hazard/risk analysis;

o. designing, manufacturing, selling and/or supplying a product that was not safe for its intended use;

p. providing a product that malfunctioned causing a fire to ensue;

q. failing to exercise reasonable care in the design, manufacture, testing, inspecting, assembly, marketing, labeling, distribution, packaging and/or selling of the subject automobile;

r. failing to warn of the dangerous propensities of its product, when the defendant knew or should have known that the absence of appropriate and sufficient warnings created an unreasonable risk of harm;

s. failing to satisfy and employ proper, accepted, and/or recognized standards for the design and manufacture of its products;

t. failing to manufacture, design, sell, distribute and/or market a product which is safe for its intended use and purpose;

u. failing to adequately, properly, and sufficiently test and inspect the subject automobile which tests and inspections would have revealed the existence of the dangerous condition of the vehicle;

    v.    failing to exercise due care in the design, manufacture, testing, inspection, sale and/or distribution of the subject 1998 GMC Sierra 2500 automobile;

28. As the direct and proximate result of defendant, General Motors's acts and/or omissions for which defendant is strictly liable pursuant to §402A of the Restatement (Second) of Torts, plaintiff, B&W sustained damage to its real property and business personal property, as well as business interruption, loss of business, extra expenses, and incidental and consequential damages in an amount in excess of Two Hundred Nineteen Thousand ($219,900.18) Dollars.

29. As the direct and proximate result of defendant, General Motors's acts and/or omissions for which defendant is strictly liable pursuant to §402A of the Restatement (Second) of Torts, plaintiff, Glass Masters sustained damage to its other business personal property, as well as business interruption, loss of business, extra expenses, and incidental and consequential damages in an amount in excess of Two Hundred Four Thousand ($204,820.94) Dollars.

WHEREFORE, plaintiffs, B&W Contractors, LLC and Glass Masters, Inc. hereby demand judgment against defendant, General Motors Corporation in an amount in excess of Four Hundred Twenty-Five Thousand ($425,000.00) Dollars, together with interest, costs, attorneys' fees, and all other relief deemed appropriate by this Honorable Court.

### COUNT III -STRICT LIABILITY-SECTION 402(B)
### B&W CONTRACTORS, LLC AND GLASS MASTERS, INC
### V. GENERAL MOTORS CORPORATION

30. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as if set forth herein at length.

31. The aforementioned General Motors manufactured 1998 GMC Sierra 2500 automobile was promoted, advertised, and otherwise marketed to the public by the defendant, General Motors.

-9-

32. Defendant, General Motors misrepresented to the public, through its labeling, sales brochures, and other marketing, that the subject 1998 GMC Sierra 2500 automobile was safe and appropriate for its normal use.

33. Plaintiffs, relied on the materials provided by Defendant, General Motors in purchasing the aforementioned 1998 GMC Sierra 2500 automobile, utilizing the vehicle, and parking it at the subject premises.

34. By reason of the foregoing actions of defendant, General Motors, for which they are strictly liable under Section 402(B) of the Restatement (Second) of Torts, the aforesaid fire occurred and caused damage and destruction to the real and other business personal property of plaintiffs, as well as business interruption, loss of business, extra expenses, and incidental and consequential damages.

WHEREFORE, plaintiffs, B&W Contractors, LLC and GlassMasters, Inc. hereby demand judgment against defendant, General Motors Corporation in an amount in excess of Four Hundred Twenty-Five Thousand ($425,000.00) Dollars, together with interest, costs, attorneys' fees, and all other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: _____
Robert E. Worst, Esquire, Bar No. 16664
Kalbaugh, Pfund & Messersmith, P.C.
4301 University Drive, Suite 300
Fairfax, Virginia 22030
Telephone: (703)691-3331
Fax: (703)691-3332

Attorney for Plaintiffs,
B&W Contractors Inc. and Glass Masters, Inc.

Dated: January 11, 2007

-10-

DOCS_PH 1965491v.1